IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL H. FOSTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:05CV776-MEF |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is presently before the court on plaintiff's motion for attorney fees pursuant to the EAJA, filed on November 24, 2008 (Doc. # 20).[1] The Commissioner argues that the motion is due to be denied as untimely. The court agrees.

The court entered its order reversing the decision of the Commissioner on January 10, 2007. (Doc. # 19). The EAJA requires that a petition for fees be filed "within thirty days of final judgment in the action." 28 U.S.C. 2412(d)(1)(B). The thirty-day period begins to run when the court's judgment becomes final, which occurs when the judgment is no longer appealable. See Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991). The judgment in this case became final sixty days after it was entered. See Fed. R. App. P. 4(a)(1)(B). The EAJA filing period expired on April 10, 2008, thirty days later. Since the present petition was not

---

[1] Plaintiff's counsel styles the pleading as a "Petition for Approval of Attorneys Fees." However, the pleading is not a petition pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel does not reference § 406(b), nor has she filed evidence of the amount of plaintiff's past-due benefits. She seeks fees from the government – not the authority to charge her client – and specifically cites the Equal Access to Justice Act.

filed until November 24, 2008, it is untimely.[2]  Although the court allowed plaintiff an opportunity to reply to the Commissioner's arguments regarding timeliness (see Doc. # 23), plaintiff did not file a reply and has advanced no argument that equitable tolling is appropriate.  Plaintiff bears the burden of establishing a basis for equitable tolling.  See Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006).  The record before the court does not evidence the "extraordinary circumstances" required to justify application of the equitable tolling doctrine.  See id.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act (Doc. # 20) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before January 27, 2009.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[2] The undersigned concludes that the district judge's order of January 10, 2007 meets the "separate document" requirement of Fed. R. Civ. P. 58(a).  However, even if it does not, plaintiff's petition for fees is nevertheless rendered untimely by operation of Fed. R. Civ. P. 58(c)(2)(B), since the petition was filed after September 7, 2007.  See Perez v. United States, 277 Fed. Appx. 966, 967-68 (11th Cir. May 16, 2008).

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 14th day of January, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE